IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **CARLOS V. FIELDS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:04-1195 |
| ) | |
| **THOMAS MCBRIDE, Warden,** ) | |
| **Mount Olive Correctional Complex,** ) | |
| **and JIM RUBENSTEIN, Commissioner,** ) | |
| **West Virginia Division of Corrections,** ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Defendants' Motion to Dismiss and in the Alternative Motion for Summary Judgment (Doc. No. 21). By Standing Order filed on November 8, 2004, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3.) Having carefully examined the documents of record and considered the applicable law, the Court finds Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. No. 21) meritorious and therefore respectfully recommends that the District Court dismiss Plaintiff's claims for Plaintiff's failure to exhaust his administrative remedies.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2004, Plaintiff, an inmate at Mount Olive Correctional Complex [MOCC], Mt. Olive, West Virginia, and acting *pro se*, filed his Complaint in this matter claiming entitlement

to relief pursuant to 42 U.S.C. §1983.[1] (Doc. No. 2.) Plaintiff complains that on January 14, 2004, he was assaulted by two of his fellow inmates in the recreation yard, resulting in a cut to his throat which required stitches. Plaintiff contends that prison officials did not protect him from the assault, rendered inadequate medical care, and failed to conduct a proper investigation.

On October 30, 2006, Defendants filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment and Memorandum in Support. (Doc. Nos. 21-22.) Defendants seek dismissal pursuant to 42 U.S.C. § 1997e and Federal Rule of Civil Procedure 12(b)(6). Defendants further contend that Plaintiff's medical claim does not state a claim of constitutional magnitude and that Plaintiff's claim for monetary damages must be dismissed because the Defendants' actions were of a quasi-judicial nature. Additionally, Defendants contend that Plaintiff's conspiracy claims should be dismissed because Plaintiff cannot demonstrate a genuine issue of material fact.

On November 3, 2006, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising him of his right to file a response to the Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment. (Doc. No. 24.) On December 7, 2006, Plaintiff filed a motion requesting a ninety day extension of time in which to respond to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Doc. No. 25.) By Order entered on April 26, 2007, Plaintiff's motion for an extension of time was denied as moot as more than ninety days had passed since the filing of Plaintiff's motion. (Doc. No. 29.) Nevertheless, given Plaintiff's *pro se* status, Plaintiff was permitted to file a response within ten (10) days from the date of the entry of the Order. (Id.) Despite being given additional time to respond

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2

to Defendants' Motion, Plaintiff failed to file a response.

On November 30, 2006, Defendants filed a second Motion to Dismiss contending that Plaintiff's Complaint must be dismissed because Plaintiff failed to file a response to their Motion to Dismiss or in the Alternative Motion for Summary Judgment as required by the Court's Order entered on April 26, 2007. (Doc. No. 30.)

## **ANALYSIS**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[2] Woodford v. Ngo, 548 U.S. __, 126 S.Ct. 2378, 2382 - 2383, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820, 149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available"

---

[2] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedy for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, ___ US. ___, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-122 (2d Cir. 2001)(*overruled on other grounds*), a § 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, . . . if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196

4

F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court.

It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, *supra*; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted))

It is clear that Plaintiff failed to exhaust his administrative remedies respecting the issues and claims he raises in this case. In his Complaint, Plaintiff states that he exhausted his administrative remedies by following the three step grievance procedure and that "not[h]ing was done." (Doc. No. 2 at 3.) Defendants, however, contend that while Plaintiff attaches to his Complaint copies of certain documents in an effort to establish that he exhausted his administrative remedies, the documents of record prove that Plaintiff did not follow the standards established by the West Virginia Division of Corrections for filing inmate grievances. The documents of record establish that Plaintiff complained about the January 14, 2004 incident on July 6, 2004 by sending a "Verified Complaint" to Investigator Coy. (Doc. No. 2 at 9-10.) Plaintiff did not file a G-1 Grievance as required by West

Virginia Division of Corrections' Policy Directive 335.00[3] until the following day, July 7, 2004, approximately six months after the incident occurred. (Doc. No. 2 at 9.) Investigator Coy denied Plaintiff's level one grievance and advised Plaintiff that he should have directed his complaints about the incident to the Unit Commander and/or his Supervisor when the incident occurred. (Id.) Plaintiff filed appeals to Warden McBride and later Jim Rubenstein, Commissioner of the West Virginia Division of Corrections, which were subsequently denied for his failure to file a level one grievance within the fifteen (15) days after the occurrence of the grievable issue in accordance with Policy Directive 335.00. (Id. at 12-13.) Although Plaintiff testified during his deposition that he waited approximately six months to file a grievance because he does not read and write well, the documents which he has filed indicate that he was clearly able to set forth grounds for his grievance when he chose to do so. (Doc. No. 22, Exhibit 4 at 16-18.) In view of the documents of record, the undersigned finds that Plaintiff failed to act in conformity with the standards established by the West Virginia Division of Corrections' Policy Directive 335.00 for failing to timely file his level one grievance. For these reasons, Defendants' Motion to Dismiss or in the Alternative Motion for

---

[3] The West Virginia Division of Corrections' Policy Directive 335.00 establishes procedures whereby state inmates may seek review of complaints which relate to any aspect of their imprisonment, other than appeals of disciplinary and confinement matters. Within 15 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must submit a G-1 Grievance Form to the Unit Manager. The Unit Manager must respond to the inmate's Grievance within five business days. If the Unit Manager's response was unfavorable, the inmate may appeal within five working days to the Warden/Administrator by filing a G-2 Grievance Form. The Warden/Administrator must respond to the appeal, in writing, within five working days. If the Warden/Administrator, in his/her discretion, determines that an investigation is warranted, a final response shall be made to the inmate within 30 working days. If the Warden/Administrator's response was unfavorable, the inmate may appeal within five working days to the Commissioner/designee of the Division of Corrections. The Commissioner must respond to the appeal within ten working days. The administrative process is exhausted when the Commissioner responds to the inmate's final appeal.

Summary Judgment (Doc. No. 21) must be granted. Having concluded that this action must be dismissed because Plaintiff failed to exhaust administrative remedies, the undersigned finds it unnecessary to consider the other reasons which Defendants submit for dismissal.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. No. 21), **DISMISS** this case without prejudice and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and to counsel of record.

Date: July 13, 2007.

R. Clarke VanDervort
United States Magistrate Judge